# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ISRAEL GUTIERREZ, #246141, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 2:07-cv-601-WKW |
| | * | |
| MONTGOMERY COUNTY DETENTION | * | |
| CENTER, SHERIFF D. T. MARSHALL, | * | |
| LT. CRENSHAW, and LT. FINLEY, | * | |
| | * | |
| Defendants. | * | |

## SPECIAL REPORT

COME NOW, Defendants Montgomery County Detention Center[1], Sheriff D. T.

Marshall, Lt. Crenshaw and Lt. Finley, by and through their attorney and submits the

following Special Report to this Court to address the Plaintiff's Complaint.

### DOCUMENTS

Affidavit of D. T. Marshall

Affidavit of Gina M. Savage

Affidavit of Annie Pearl Findley

Affidavit of Martin L. Crenshaw

Medical Notes

Grievance or Appeal of Decision Form

---

[1] Montgomery County Detention Center is not a legal entity.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that sometime prior to October 10, 2005, his hand was broken. Plaintiff states that he saw the Detention Facility nurse for his hand and she told him that his hand was not broken. His hand continued to hurt, so he spoke with Lt. Crenshaw and Lt. Finley and an appointment was made at the hospital where he was told that his hand was broken and that he needed physical therapy. Plaintiff alleges that he never received physical therapy and that he cannot close his hand due to this injury. Plaintiff has requested the Defendants pay him One Hundred Thousand Dollars ($100,000) because of lack of medical attention.

## FACTS

1.    Plaintiff entered the Montgomery County Detention Facility on March 31, 2005 charged with drug trafficking. He was sentenced February 17, 2006 and released to the Department of Corrections on May 30, 2006. (See Affidavit of Gina M. Savage)

2.    It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of the facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates. (See Affidavit of Sheriff D. T. Marshall)

3.    According to the medical records, Plaintiff injured his left hand on September 7, 2005. The following day, Southern Radiology Services x-rayed his hand and in its report stated that, "There is an oblique lucency transversing the head of the third metacarpal distally. Bone mineral density appears normal otherwise. No other

fractures are detected." In laymen terms, Plaintiff had a broken knuckle on his left hand. Plaintiff was prescribed pain medication and his hand was wrapped with an ace bandage. On September 10, 2005, Plaintiff was seen by the Detention Facility nurse on duty. Plaintiff filed an inmate request form on September 13, 2005 and asked to see the doctor, which he did and per the doctor's orders on September 16, 2005, Plaintiff was transported to Baptist South Emergency Room where he was treated and referred to Dr. Freeman with Southern Orthopedic Surgeons. On November 15, 2005, Plaintiff was examined by Dr. Freeman whose diagnosis was that Plaintiff had a fractured hand with severe hand stiffness. Treatment was scheduled for three weeks. On November 23, 2005, Plaintiff was evaluated by the facility nurse. After seeing the doctor at Southern Orthopedic Surgeons on January 3, 2006, Plaintiff was released from their care. (See Affidavit of Gina M. Savage and Medical Notes from Southern Radiology Services, LLC dated 09-08-05, Detention Facility medical notes for 09-10-05, 09-15-05, 09-16-05, 09-19-05, 11-11-05 and 11-23-05, Physicians' Orders dated 09-07-05, 09-15-05, 09-19-05, 09-29-05, 11-11-05 and Patient Referral Information Forms.)

4.      Plaintiff filed a Grievance Report on September 13, 2005 regarding his x-ray diagnosis and his desire to see a doctor. Plaintiff alleges the nurse told him on Saturday that he would be seen by the doctor on Monday. On Monday, he was told it would be Friday before he could see the doctor. This matter was investigated and Plaintiff was scheduled to see the doctor on September 15, 2005. (See Grievance or Appeal of Decision dated 09-13-05 and Grievance Decision dated 09-19-05.)

5.      Plaintiff was seen on numerous occasions by facility medical personal as well as outside medical professionals.  Plaintiff was never denied adequate medical attention.  (See Affidavit of Gina M. Savage)

6.      After reviewing Plaintiff's file to prepare her affidavit regarding this complaint, Defendant Annie Pearl Findley avers that she does not recall speaking with Plaintiff about his hand in 2005.  (See Affidavit of Annie Pearl Findley.)

7.      After reviewing Plaintiff's file to prepare his affidavit regarding this complaint, Defendant Martin L. Crenshaw avers that he does not recall speaking with Plaintiff about his hand in 2005.  Defendant Crenshaw further states that he consistently strives to ensure that inmates under his supervision are treated fairly.  If a non-life threatening injury had been reported to him, he would have advised the inmate to complete an Inmate Sick Call Slip.  If he felt that the health matter needed immediate attention, he would have contacted the nurse on duty.  (See Affidavit of Martin L. Crenshaw.)

8.      It would be hard for anyone to recall who they spoke to on a specific date two years ago much less exactly what they talked about.

9.      If Dr. Freeman had ordered physical therapy, Plaintiff would have received physical therapy, but the medical records do not show any doctor's orders for physical therapy.

**DEFENSES**

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Defendants did not violate any of the Plaintiff's constitutional rights afforded him under law.

3.      Plaintiff has listed the "detention center" as a Defendant.  The Montgomery Detention Facility is not a legal entity and therefore should be dismissed.

4.      While Plaintiff did file a grievance report about seeing the doctor, he did not address his lack of medical attention to his broken knuckle, only that he wanted to see the doctor and this was remedied post haste. If he was not satisfied with his medical treatment, he should have filed **another grievance report** specifically addressing these allegations and **he did not**.  Plaintiff failed to exhaust his administrative remedies by taking advantage of the inmate grievance system in place at the Montgomery County Detention Facility.  Plaintiff's claims should therefore be dismissed.  *Alexander v Hawk*, 159 F. 3rd 1321 (11th Cir. 1998).

5.      Defendants D. T. Marshall and Gina M. Savage aver that they are entitled to the Eleventh Amendment to the United States Constitution and/or qualified immunity from suit.

6.      Defendants aver that they acted in a manner that had been in accordance with previous court rulings regarding the operation of the Montgomery County Detention Facility.

7.      Defendants aver that the prison regulations in question were reasonably related to legitimate penological interests.

## MEMORANDUM IN LAW

The Plaintiff's claims do not rise to a constitutional violation. The Plaintiff cannot demonstrate that the conditions at the facility are sufficiently serious or that the Defendants were deliberately indifferent to his health or safety. Plaintiff received reasonable medical care.

Grievance procedures are available to inmates to address living conditions at the Montgomery County Detention Facility. Plaintiff failed to file any grievance regarding his claims in this complaint. Plaintiff therefore failed to exhaust available administrative remedies, and his claims should therefore be dismissed. *Alexander v. Hawk*, 159 F. 3rd 1321 (11th Cir. 1998).

Plaintiff's claims for damages against the Defendants in their official capacities under 42 U.S.C. §1983 should be dismissed because in their official capacities, the Defendants are not considered "persons" subject to liability under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Any such official capacity claims must also be dismissed because Defendants are entitled to immunity under the Eleventh Amendment. *Lancaster v. Monroe County*, 16 F. 3rd 1419 (11th Cir. 1997).

To the extent Plaintiff has asserted his claims against the Defendants in their individual capacities, they are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzales v. Lee County Housing Authority*, 161 F. 3rd 1290, 1295 (11th Cir. 1998). Defendants were acting within the scope of their discretionary

authority, and the burden is therefore on the Plaintiff to demonstrate that their actions violated clearly established law based upon objective standards.  Plaintiff cannot meet this burden; therefore, his claims should be dismissed.

Plaintiff must also establish a casual connection between an act of a supervising official and the alleged constitutional violation.  *Smith v. State of Alabama*, 996 F. Supp. 1203, 1212 (M.D. Ala. 1998).  Defendants are supervisory officials.  Plaintiff has failed to establish a casual connection between any of their actions and any alleged constitutional violation.  Plaintiff's claims against the Defendants should therefore be dismissed.

There is no evidence that the Defendants had a subjective awareness of a relevant risk of serious harm to the Plaintiff and that they disregarded that risk.  The prison regulations in place at the Montgomery County Detention Facility are reasonable and do not infringe the Plaintiff's constitutional rights.  *Turner v. Safley*, 482 U.S. 78 (1997).

Defendants further submit that Plaintiff has also failed to exhaust any applicable grievance procedure with respect to this claim.  Defendants therefore respectfully request that this Honorable Court dismiss the Plaintiff's claims and for any other relief to which they may be entitled.

Respectfully submitted this 14th day of September 2007.

___s/ Thomas T. Gallion, III_____
Thomas t. Gallion, III    (GAL010)
Attorney for Defendants

OF COUNSEL:
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street (36104)
Post Office Box 4660
Montgomery, AL  36103-4660
         (334) 265-8573
         Fax: (334) 264-7945

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following listed person by placing a copy of same in the United States mail, postage prepaid and properly addressed, on this the 14th day of September 2007.

Israel Gutierrez
AIS#246141  BBCF B Dorm Bed 12A
565 Bibb Lane
Brent, AL  35034

_s/ Thomas T. Gallion, III_____
Of Counsel

50051-607
#27,982

8

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

|  |  |  |
|---|---|---|
| ISRAEL GUTIERREZ, #246141, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-601-WKW |
| | ) | |
| MONTGOMERY COUNTY | ) | |
| DETENTION FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF  D. T. MARSHALL

Before me, a Notary Public, personally appeared D. T. Marshall and after being duly sworn, did say as follows

1.    My name is D. T. Marshall and I am Sheriff of Montgomery County, Alabama.

2.    I have not violated the constitutional rights of Inmate Israel Gutierrez.

3.    It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates.

4.    The total, daily operations of the jail are managed by the Director of the Detention Facility, employed by the Montgomery County Sheriff's Office.

_____
D. T. Marshall

Sworn to and subscribed before me this _16_ day of _August_ , 2007.


_____

Notary Public
My Commission Expires September 13, 2010

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ISRAEL GUTIERREZ, #246141,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:07-CV-601-WKW** |
| | ) | |
| **MONTGOMERY COUNTY** | ) | |
| **DETENTION FACILITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>AFFIDAVIT OF GINA M. SAVAGE</u>

Before me, a Notary Public, personally appeared Gina M. Savage and after being duly sworn, did say as follows

1.　　My name is Gina M. Savage.　I am Director of the Montgomery County Detention Facility.

2.　　I have not violated the constitutional rights of Inmate Israel Gutierrez.

3.　　Inmate Israel Gutierrez was arrested March 31, 2005, charged with Trafficking in Marijuana. His bond was set at $200,000. Inmate Gutierrez was sentenced February 17, 2006, and released to the Department of Corrections May 30, 2006.

4.　　According to medical records Inmate Gutierrez injured his left hand on September 7, 2005. The following day, September 8, 2005, Southern Radiology Services x-rayed his hand and presented the following findings: "There is an oblique lucency transversing the head of the third metacarpal distally. Bone mineral density appears normal otherwise. No other fractures are

detected".    He was prescribed pain medication and his hand was wrapped with an ace bandage.

On September 10, 2005, he was seen by the nurse on duty.  He filed an inmate request form on

September 13, 2005, stating that he had injured his hand the previous week and

asked to be seen by the doctor.  He was scheduled to see the doctor September 15, 2005.  On

September 16, 2005, per doctor's orders, Inmate Gutierrez was transported to Baptist South

Emergency Room where he was prescribed 800 mg. of Motrin and referred to Dr. Freeman with

Southern Orthopedic Surgeons.  He was scheduled for an appointment with Southern Orthopedic

Surgeons on November 15 where he was diagnosed with a fractured hand with severe hand

stiffness.  Treatment was scheduled for three weeks.  On November 23, 2005,  he was evaluated

by the facility nurse.   After seeing the doctor at Southern Orthopedic Surgeons on January 3,

2006, he was released from their care.

Inmate Gutierrez was seen on numerous occasions by facility medical personnel as

well as outside medical professionals.  Inmate Gutierrez was never denied adequate medical

attention.

_____
Gina M. Savage


Sworn to and subscribed before me this _6 th_ day of _September_, 2007.


_____
Notary Public
My Commission Expires September 13, 2010

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ISRAEL GUTIERREZ, #246141,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 2:07-CV-601-WKW** |
| | ) | |
| **MONTGOMERY COUNTY** | ) | |
| **DETENTION FACILITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AFFIDAVIT OF ANNIE PEARL FINDLEY**

Before me, a Notary Public, personally appeared Annie Pearl Findley and after being duly sworn, did say as follows:

1.  My name is Annie Pearl Findley.  I am a Lieutenant with the Montgomery County Detention Facility.

2.  Inmate Israel Gutierrez alleges in his lawsuit that he broke his hand and that after a week he spoke with me and Lieutenant Crenshaw concerning the injury.  I do not recall speaking with Inmate Gutierrez.  I was not aware that he had broken his hand.  There is no incident report or any other documentation in his file regarding this alleged incident.

A grievance form he filed with the grievance clerk dated September 13, 2005, regarding his injury and her response advising him that he was scheduled to see the doctor on September 15, 2005, is in his file.

Inmate Gutierrez did not contact me verbally or by written communication.  I have no knowledge of him sustaining an injury.

*Annie Pearl Findley*
Annie Pearl Findley

Sworn to and subscribed before me this __21__ day of August, 2007.

*Lena (Himes) Cates*
Notary Public
My Commission Expires September 13, 2010

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ISRAEL GUTIERREZ, #246141,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:07-CV-601-WKW** |
| | ) | |
| **MONTGOMERY COUNTY** | ) | |
| **DETENTION FACILITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF MARTIN L. CRENSHAW

Before me, a Notary Public, personally appeared Martin L. Crenshaw and after being duly sworn, did say as follows:

1. My name is Martin Crenshaw. I am a Lieutenant with the Montgomery County Detention Facility.

2. Inmate Israel Gutierrez alleges that he was denied medical attention for a broken hand. He stated that the facility nurse told him that his hand was not broken and that he reported the injury to me and another facility supervisor, Lieutenant Annie Findley. He indicated that his hand was still swollen at that time and I (we) spoke with a doctor about his hand. He further stated that he was later taken to a hospital and it was determined that his hand was broken. He stated that he was scheduled for therapy but never received it.

I do not recall speaking with Inmate Gutierrez concerning his hand. I have reviewed his facility file and found no documentation of having spoken with him. I did find a grievance regarding his complaint, however it was not addressed to me nor was I mentioned in the grievance. If I had been made aware of an injury that Inmate Gutierrez had suffered, I would

have taken the necessary steps to get him proper medical attention.  I have no medical expertise; therefore my responsibility would have fallen under the advice of the medical staff.

I consistently strive to ensure that inmates under my supervision are treated fairly.  If a non-life threatening injury had been reported to me, I would have advised the subject to complete an Inmate Sick Call Slip.  If I felt that it needed immediate attention, I would have contacted the nurse on duty.  If there was not a nurse on duty, I would have had the subject transported to a medical facility for appropriate medical care.  In emergency situations, I act under the advice of those that are medically trained.

Martin L. Crenshaw

Sworn to and subscribed before me this _28_ day of August, 2007.

Notary Public
My Commission Expires September 13, 2010

PROGRESS NOTES

Israel

| Date/Time | Inmate's Name: Gutierrez | D.O.B.: 3/26/66 | S.S. #: |
|-----------|--------------------------|-----------------|---------|

4/12/05

Had gastric bypass in Texas 7 mos ago. Has lost >130 lbs.

Has been feeling real poor ly.

Has c/o HtN —

Prozac
Buspar
Zonopril } stable

PE: / Neg

A: S/P gastric bypass

Plan → MVI daily c̄ Fe daily.
B-12 Tabs.
prozac 40 daily.

8/14/05 C/O nausea c̄ unable to eat well. Reluct m/o about meds D At information is in from Texas — Harry LC

8/7/05 Presented bilard department / officer c̄ c/o (L) ↓ arm et hand pains styles 4 swollen et hurts to move noted edematous re/backs et dice bandage applied Ibuprofin 800mg po BID x 7days — X-ray order for (L) ↓ arm et fingers 2° c̄ c/o pains / me to Southern Radiology et spine creading to s/u appt tomorrow SRS radiation notify et verbalized understanding

**PROGRESS NOTES**

SS#: 4454-53-6112

D.O.B.: 3/29/60

| Last Name | First Name | Attending Physician | Room No. | Hosp. No. |
|---|---|---|---|---|
| Gutierrez | Israel | Nichols | | |

9-10-05  Verbalized that he had rec'd injury to Rt hand on wednesday — had x-ray done thursday — C/o swelling + pain — ace wrap removed. Rt radial pulse check (L hand)  B/p 143/93  P-65 — No discoloration noted — hand warm to touch — PRN for discomfort given — inst to keep hand ↑ to ↓ swelling PRN given ——              [signature]

9/15/05  Came out of the shower & slipped & broke the 3rd metacarpal on left a week ago yesterday —

P E/ ⊕ swelling back J ⊕ hand

A:  Fx hand

Plan →  appt c Dr Palmer — ? re x-ray. proc appt ↑ bd.

9.16.05  Unable to transport to MD office. Will was sent to EMS for treatment per MD orders.

9.19.05  Will DC meds. Started Elic 05 for nausea Zantac 150 mg / reglan 10 mg BID

[signature]

PROGRESS NOTES

| Date/Time | Inmate's Name: Gutierrez, Neal    D.O.B. 3/24/__ S.S. #: |
|-----------|----------------------------------------------------------|
| 11/11/05 | Ibuprofen 800mg Started for pain in broken Nail x 30d _____ Roe |
| 11/23/05 | CP JIM EVAL / NURSE Lionburger BP 159/90 S/O for Maxide 37.5/25mg protocol daily / written — C Brown-Lawson |

Southern Health Partners, Inc.
*CONFIDENTIAL MEDICAL INFORMATION*

Corporate Office:

Please note our new billing address:
Southern Health Partners, Inc.
3712 Ringgold Road, #364
Chattanooga, TN 37412

# PHYSICIANS' ORDERS

Southern Health Partners, I

| | |
|---|---|
| Name: Gutierrez Israel | **Diagnosis (if chg'd):** |
| D.O.B.: | MVI c̄ Fe - ī daily. |
| Allergies: | B-12 tabs ī daily. |
| | Prozac 40 mg daily |
| Name Last    Date: 4/12/05 | ☐ *Generic Substitution is NOT Permitted* |
| Name: Gutierrez, Israel | Diagnosis (if chg'd): |
| D.O.B.: 3/29/60    IBU 800 | slammed Arm in cell door |
| Allergies: NKA    # PO BID | c̄ (no pain in (R) arm et ice pack |
| | applied et swng grade, will |
| Name Last    Date 9/7/05 X 7 days | sch X-ray, motrin 800mg po given |
| | ☐ *Generic Substitution is NOT Permitted* |
| Name: | Diagnosis (if chg'd): |
| D.O.B.: | Percogade īī bid. |
| Allergies: | |
| Name Last    Date: 8/15/05 | ☐ *Generic Substitution is NOT Permitted* |
| Name: | Diagnosis (if chg'd): |
| D.O.B.: | DC meds 3 intac 15mg |
| Allergies: | Reglan 10mg c/o weight |
| | gain |
| Name Last    Date: 9-14-05 | ☐ *Generic Substitution is NOT Permitted* |
| Name: Gutierrez Israel | Diagnosis (if chg'd): |
| O.B. | Motrin Bid x 5 days |
| Allergies: | |
| Name Last    Date: 1 | ☐ *Generic Substitution is NOT Permitted* |
| Name: | Diagnosis (if chg'd): |
| D.B. | |
| Allergies: | |
| Name Last    Date: | ☐ *Generic Substitution is NOT Permitted* |

**Physician's Orders**

Southern Health Partner's, Inc

| | |
|---|---|
| **Inmate Name:** Gutierrez Israel | **Facility:** |
| **SS#:** 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 | Montgomery |
| **DOB:** 3-29-00 | County |
| **Allergies:** _____ | Jail |

**Date:** 9-29-05

Motrin 800 mg i po X10 days

**M.D. Sig:** Dr. Nichols

**Date:**

**M.D. Sig:**

**Date:** 11/11/05

Ibuprofen 800 mg i PO BID
X30 d (broken hand)
BD. Dr. Nichols / ABousman

**M.D. Sig:**

**Date:** 1/23/05

Maxide 37.5/25 mg
PO Q AM (B/P 159/91) B/P ✓
daily X5 d then reval 90
Dr. RN. CMS/GBu

**M.D. Sig:**

**Date:**

**M.D. Sig:**

**Date:** 2/2/06

Elavil 100 mg @ Night.

**M.D. Sig:**

**Date:** 2/16/06

Elavil to 200 @ Night
Atenolol 50mg dad y.
can go for eye exam

**M.D. Sig:**

**Date:** 4.17.06

1) Keflex 500mg ii caps. PO BID x7 day
2) Ibuprofen 800mg PO BID x7 days
per pain.

**M.D. Sig:** per protocol R. Burkett, LPN / Dr. Nichols

9/8/2005 5:1:    FROM: Fax Southern Radiology S  TO: 1-334-832-    PAGE: 001 OF 001

## SOUTHERN RADIOLOGY SERVICES, LLC
## X-RAY REPORT

| DATE | LAST NAME | FIRST NAME | MI |
|---|---|---|---|
| 9/8/2005 | GUITERREZ | ISRAEL | |
| **D.O.B.** | **SEX** | **FACILITY** | |
| 3/29/1960 | M | SHP-MONTGOMERY COUNTY | |
| **ORDERING PHYSICIAN** | | **X-RAY NO.** | |
| NICHOLS | | MT8828 | |

### LEFT HAND, TWO VIEWS

**FINDINGS:** There is an oblique lucency transversing the head of the third metacarpal distally. Bone mineral density appears normal otherwise. No other fractures are detected.

**IMPRESSION:** Oblique fracture distal third metacarpal head nondisplaced.

*N 9/15/05*

_____

John Waldo, M.D./kmc

tt:    9/8/2005 5:21:58 PM
td:    9/8/2005 3:45:48 PM

Southern
Health
Partners

Corporate Office: 3712 Ringgold Rd., #364, Chattanooga, TN. 37412      Phone: (423) 553-5635    Fax: (423) 553-5645

## PATIENT REFERRAL INFORMATION FORM

This patient is currently incarcerated at the jail facility listed below. Patient has been referred to your ER/Facility regarding his/her symptoms or conditions listed below. All subsequent tests, procedures, and outpatient services other than requested service must be communicated and approved by the medical contact person at the jail facility to ensure justification. Failure to notify the medical contact person may result in reduced benefits and/or possible denial of payment. If hospital admission is necessary, please communicate any and all medical information as well as an estimated length of stay to our Utilization Review Department at our corporate office at the # listed above. Certification, justification, and/or treatment plan of continued services must be obtained to guarantee payment of the claim. Please, note we have a NO NARCOTIC policy at the jail due to the uncontrolled access to medications within the facility. Please, refer to our site medical staff for formulary adherence. Thank you for your cooperation in this matter.

*TO BE COMPLETED BY THE MEDICAL STAFF AT THE JAIL/PRISON:*

Appt. Date/Time: 9·16·05    Patient's Name (Last/First): Gutierrez Iscel

DOB: 3·29·00    SS#: 454·23·6117    Sex: (M) F    Inmate Loc: 4-C

Housing Facility/Site: Mont. County Jail/#7070    Appt. Destination: BMCS

Appt. Address & Phone #: _____

Site Medical Contact (RN/LPN): J Henry LPN    Site Physician: Nichols

Site Medical Unit Phone #: (334) 832-2542    Site Medical Unit Fax #: (334) 832-7768

Reason For Referral: (Include Hx of illness/injury, present and past treatment with patient results, lab and/or x-ray results, findings from physical exam, patient limitations, allergies, medications, etc.)

See x-ray from 9·8·05

Service Requested: EVAL./TX

*TO BE COMPLETED BY THE REFERRAL STAFF AND RETURNED WITH INMATE BACK TO THE FACILITY:*

Findings: _____

Planned Treatment: _____

ER/Hospital Physician Orders: _____

ER/Hospital Contact (Include Phone #): _____    Notes: _____

*Please, return this form with the correctional staff upon discharge of the patient or fax directly to the site fax # noted above. If inpatient hospitalization is required, medical staff MUST be notified immediately.*

Authorization for payment of services is only guaranteed during the time of actual confinement of the inmate under the custody of the above listed jail/prison and under the terms of our County contract.

Southern Health Partners, Inc.
JAIL MEDICAL UNIT



## INMATE SICK CALL SLIP

**TO BE COMPLETED BY INMATE:** Please complete the top half of the Sick Call Slip and return it to the correctional officer and/or medical staff for submission and review by the medical staff. The medical staff will arrange for you to be seen by the appropriate medical staff member.

Today's Date: _10-19-05_    Pod/Location: _4B_    Cell: _4B_

Name: _ISRAEL Gutierrez_

ID# _85653_

Complaint/Problem: _I need to see the doctor about my hand (2 broken knuckles) and I need to see the dentist about the tooth he told me he would pull (two weeks ago) that I still have._

How long have you had this problem? _1 MONTH_

--------------------------------------------------

## TO BE COMPLETED BY MEDICAL STAFF:

Vital Signs:    Temp_____    Resp_____    Pulse_____    B/P_____

Instructions/Assessment: _Resolved_

☐ Follow-Up Required? If checked, date to be seen again_____
☐ Chronic Condition
☐ Inmate to be charged through medical co-pay for this visit

Date Seen by Medical: _11|11|05_    Seen by: _C. Smith, LPN_

*Place original form in patient's medical record.*

*SHE*

**Southern
Health
Partners**

1-888-231-2888

95002

Corporate Office: 3712 Ringgold Rd., #364, Chattanooga, TN. 37412          Phone: (423) 553-5635    Fax: (423) 553-5645

## PATIENT REFERRAL INFORMATION FORM

This patient is currently incarcerated at the jail facility listed below. Patient has been referred to your ER/Facility regarding his/her symptoms or conditions listed below. All subsequent tests, procedures, and outpatient services other than requested service must be communicated and approved by the medical contact person at the jail facility to ensure justification. Failure to notify the medical contact person may result in reduced benefits and/or possible denial of payment. If hospital admission is necessary, please communicate any and all medical information as well as an estimated length of stay to our Utilization Review Department at our corporate office at the # listed above. Certification, justification, and/or treatment plan of continued services must be obtained to guarantee payment of the claim. Please, note we have a NO NARCOTIC policy at the jail due to the uncontrolled access to medications within the facility. Please, refer to our site medical staff for formulary adherence. Thank you for your cooperation in this matter.

*TO BE COMPLETED BY THE MEDICAL STAFF AT THE JAIL/PRISON:*

Appt. Date/Time: 11/15, 9:30      Patient's Name (Last/First): Gutierrez, Israel

DOB: 3·29·00      SS#: 454·23·0112      Sex: (M)  F      Inmate Loc: 4·B

Housing Facility/Site: Mont. County Jail/#7070      Appt. Destination: Dr. Freeman

Appt. Address & Phone #: 488 St. Lukes Dr.  013-9000

Site Medical Contact (RN/LPN): (MrB) L. Lee      Site Physician: Nichols

Site Medical Unit Phone #: (334) 832-2542      Site Medical Unit Fax #: (334) 832-7768

Reason For Referral: (Include Hx of illness/injury, present and past treatment with patient results, lab and/or x-ray results, findings from physical exam, patient limitations, allergies, medications, etc.)

_____

_____

Service Requested: EVAL./TX  Fracture (l) hand.

*TO BE COMPLETED BY THE REFERRAL STAFF AND RETURNED WITH INMATE BACK TO THE FACILITY:*

Findings: FX hall

Planned Treatment: TX

ER/Hospital Physician Orders: Flu 3uber

ER/Hospital Contact (Include Phone #): _____    Notes: _____

*Please, return this form with the correctional staff upon discharge of the patient or fax directly to the site fax # noted above. If inpatient hospitalization is required, medical staff MUST be notified immediately.*

Authorization for payment of services is only guaranteed during the time of actual confinement of the inmate under the custody of the above listed jail/prison and under the terms of our County contract.

**SOUTHERN ORTH~~~AEDIC SURGEONS** *l.l.c.*
2000 NORMANDIE DR    MONTGOMERY, AL 36111
**(334) 613-9000**

| | | |
|---|---|---|
| **DONALD F. HODURSKI, M.D.** | **CHARLES T. FLETCHER, JR., M.D.** | **JOSEPH F. CURTIS, JR., M.D.** |
| DEA# AH7031975 LIC# 5785 | DEA# AF2233930 LIC# 11026 | DEA# BC1433666 LIC# 14087 |
| **J.H. ARMSTRONG, M.D.** | **MICHAEL E. FREEMAN, M.D.** | **N TUCKER MATTOX, JR., M.D.** |
| DEA# AA7523536 AL-5697 | DEA# AF1731098 AL-12872 | DEA# BM2965171 LIC# 19617 |
| **SAMUEL L. MILLER, M.D.** | **ROLAND A. HESTER, IV, M.D.** | **STEPHEN W. SAMELSON, M.D.** |
| DEA# AM8183371 LIC# 8363 | DEA# BH1341027 AL-15794 | DEA# BS3957226 AL-21227 |

NAME _Israel G Witerez_ DATE _11/15/5_

ADDRESS _____

**R~x~**

TX 3X/wks

X 3 wks

DX: severe hand stiffness

Label
Refill _____ times

_____ M.D.
PRODUCT SELECTION PERMITTED

_____ M.D.
DISPENSE AS WRITTEN

# Southern Orthopaedic Surgeons L.L.C.

M ___Israel Guiterrez___

### HAS AN APPOINTMENT ON

MONDAY _____ at _____ o'clock

(TUESDAY) _12-6_____ at __8:15____ o'clock

WEDNESDAY _____ at _____ o'clock

THURSDAY _____ at _____ o'clock

FRIDAY _____ at _____ o'clock

*If unable to keep this appointment, kindly give 24 hours notice.*

## LOCATION

❑ Normandie   ☑ (St. Lukes)   ❑ Prattville

❑ Tallassee   ❑ Greenville

Donald F. Hodurski, M.D.
James H. Armstrong, M.D.
Samuel L. Miller, M.D.
Charles T. Fletcher, Jr., M.D.

Roland A. Hester IV, M.D.
Joseph F. Curtis, Jr., M.D.
N Tucker Mattox, Jr., M.D.
Stephen W. Samelson, M.D.

(Michael E. Freeman, M.D.)

334 / 613-9000

## PLEASE REFER TO MAP ON BACK

sos-24   11/01

Southern
Health
Partners

Corporate Office: 3712 Ringgold Rd., #364, Chattanooga, TN. 37412    Phone: (423) 553-5635   Fax: (423) 553-5645

## PATIENT REFERRAL INFORMATION FORM

This patient is currently incarcerated at the jail facility listed below.  Patient has been referred to your ER/Facility regarding his/her symptoms or conditions listed below.  All subsequent tests, procedures, and outpatient services other than requested service must be communicated and approved by the medical contact person at the jail facility to ensure justification.  Failure to notify the medical contact person may result in reduced benefits and/or possible denial of payment.  If hospital admission is necessary, please communicate any and all medical information as well as an estimated length of stay to our Utilization Review Department at our corporate office at the # listed above.  Certification, justification, and/or treatment plan of continued services must be obtained to guarantee payment of the claim.  Please, note we have a NO NARCOTIC policy at the jail due to the uncontrolled access to medications within the facility.  Please, refer to our site medical staff for formulary adherence.  Thank you for your cooperation in this matter.

*TO BE COMPLETED BY THE MEDICAL STAFF AT THE JAIL/PRISON:*

Appt. Date/Time: 1/3, 9am   Patient's Name (Last/First): Gutierrez, Israel

DOB: 3-29-00   SS#: 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   Sex: (M)  F   Inmate Loc: 4-B

Housing Facility/Site: Mont. County Jail/#7070   Appt. Destination: Dr. Freeman

Appt. Address & Phone #: 488 St. Lukes Dr. 613-9000

Site Medical Contact (RN/LPN): (Mr.) L. Lee   Site Physician: Nichols

Site Medical Unit Phone #: (334) 832-2542   Site Medical Unit Fax #: (334) 832-7768

Reason For Referral: (Include Hx of illness/injury, present and past treatment with patient results, lab and/or x-ray results, findings from physical exam, patient limitations, allergies, medications, etc.)

_____
_____
_____
_____

Service Requested: EVAL./TX Fracture (L) hand

*TO BE COMPLETED BY THE REFERRAL STAFF AND RETURNED WITH INMATE BACK TO THE FACILITY:*

Findings: Resolvy hand shth

Planned Treatment: Released

ER/Hospital Physician Orders: _____

ER/Hospital Contact (Include Phone #): _____   Notes: _____

*Please, return this form with the correctional staff upon discharge of the patient or fax directly to the site fax # noted above.  If inpatient hospitalization is required, medical staff MUST be notified immediately.*
Authorization for payment of services is only guaranteed during the time of actual confinement of the inmate under the custody of the above listed jail/prison and under the terms of our County contract.

Southern
Health
Partners

Corporate Office: 3712 Ringgold Rd., #364, Chattanooga, TN. 37412        Phone: (423) 553-5635   Fax: (423) 553-5645

## PATIENT REFERRAL INFORMATION FORM

This patient is currently incarcerated at the jail facility listed below. Patient has been referred to your ER/Facility regarding his/her symptoms or conditions listed below. All subsequent tests, procedures, and outpatient services other than requested service must be communicated and approved by the medical contact person at the jail facility to ensure justification. Failure to notify the medical contact person may result in reduced benefits and/or possible denial of payment. If hospital admission is necessary, please communicate any and all medical information as well as an estimated length of stay to our Utilization Review Department at our corporate office at the # listed above. Certification, justification, and/or treatment plan of continued services must be obtained to guarantee payment of the claim. Please, note we have a NO NARCOTIC policy at the jail due to the uncontrolled access to medications within the facility. Please, refer to our site medical staff for formulary adherence. Thank you for your cooperation in this matter.

*TO BE COMPLETED BY THE MEDICAL STAFF AT THE JAIL/PRISON:*

Appt. Date/Time: 12/10, 8 15   Patient's Name (Last/First): Gutierrez, Israel

DOB: 3·29·00   SS#: 454·23·0112   Sex: (M)  F ·   Inmate Loc: 4-B

Housing Facility/Site: Mont. County Jail/#7070   Appt. Destination: Dr. Freeman

Appt. Address & Phone #: 488 St. Lukes Dr.   613-9000

Site Medical Contact (RN/LPN): (Mr.) L. Lee   Site Physician: Nichols

Site Medical Unit Phone #: (334) 832-2542   Site Medical Unit Fax #: (334) 832-7768

Reason For Referral: (Include Hx of illness/injury, present and past treatment with patient results, lab and/or x-ray results, findings from physical exam, patient limitations, allergies, medications, etc.)

_____

_____

_____

Service Requested: EVAL./TX Fracture (L) hand.

*TO BE COMPLETED BY THE REFERRAL STAFF AND RETURNED WITH INMATE BACK TO THE FACILITY:*

Findings: _____

Planned Treatment: ___ Needs tx _____

ER/Hospital Physician Orders: ___ M·S·T _____

ER/Hospital Contact (Include Phone #): _____   Notes: _____

*Please, return this form with the correctional staff upon discharge of the patient or fax directly to the site fax # noted above. If inpatient hospitalization is required, medical staff MUST be notified immediately.*
Authorization for payment of services is only guaranteed during the time of actual confinement of the inmate under the custody of the above listed jail/prison and under the terms of our County contract.

Southern
Health
Partners

Corporate Office: 3712 Ringgold Rd., #364, Chattanooga, TN. 37412     Phone: (423) 553-5635   Fax: (423) 553-5645

## PATIENT REFERRAL INFORMATION FORM

This patient is currently incarcerated at the jail facility listed below. Patient has been referred to your ER/Facility regarding his/her symptoms or conditions listed below. All subsequent tests, procedures, and outpatient services other than requested service must be communicated and approved by the medical contact person at the jail facility to ensure justification. Failure to notify the medical contact person may result in reduced benefits and/or possible denial of payment. If hospital admission is necessary, please communicate any and all medical information as well as an estimated length of stay to our Utilization Review Department at our corporate office at the # listed above. Certification, justification, and/or treatment plan of continued services must be obtained to guarantee payment of the claim. Please, note we have a NO NARCOTIC policy at the jail due to the uncontrolled access to medications within the facility. Please, refer to our site medical staff for formulary adherence. Thank you for your cooperation in this matter.

*TO BE COMPLETED BY THE MEDICAL STAFF AT THE JAIL/PRISON:*

Appt. Date/Time: 9·16·05     Patient's Name (Last/First): Gutierrez Iscel

DOB: 3·29·60     SS#: 454·23·6117     Sex: (M) F     Inmate Loc: 4-C

Housing Facility/Site: Mont. County Jail/#7070     Appt. Destination: BMCS

Appt. Address & Phone #: _____

Site Medical Contact (RN/LPN): J Henry LPN     Site Physician: Nichols

Site Medical Unit Phone #: (334) 832-2542     Site Medical Unit Fax #: (334) 832-7768

Reason For Referral: (Include Hx of illness/injury, present and past treatment with patient results, lab and/or x-ray results, findings from physical exam, patient limitations, allergies, medications, etc.)

See X-ray from 9·8·05

Service Requested: EVAL./TX

*TO BE COMPLETED BY THE REFERRAL STAFF AND RETURNED WITH INMATE BACK TO THE FACILITY:*

Findings: No Acute Injury per XR; (L) Hand Contusion; (L) 3rd metacarpal fx

Planned Treatment: Splint / Ortho Follow up

ER/Hospital Physician Orders: Motrin 800mg Q8H PRN

ER/Hospital Contact (Include Phone #): _____     Notes: _____

*Please, return this form with the correctional staff upon discharge of the patient or fax directly to the site fax # noted above. If inpatient hospitalization is required, medical staff MUST be notified immediately.*

Authorization for payment of services is only guaranteed during the time of actual confinement of the inmate under the custody of the above listed jail/prison and under the terms of our County contract.

| SOUTH | 286-2843 |
| EAST | 244-8448 |
| PRATTVILLE | 361-4239 |

GUTIERREZ ISRAEL
DOB: 03/29/60    Age:45Y    MR #:588211
Admit Date/Time: 09/16/05    1505P
911 MOOREHOUSE,JOHN D
B0525900487

ptist Health                                    Page 1 of 1
nergency Room Prescription Form

## PRESCRIPTION FORM

| | Phone | | | Location South |

| MEDICINES PRESCRIBED | If non, check this box. ☐ | VOID IF NOT PRINTED WITH CRANBERRY BACKGROUND |

| | Name/Strength | | Number | Schedule / Duration | No Refills | Refills |
|---|---|---|---|---|---|---|
| 1. | *Motrin* 800mg | 24 | i | 8h Prn | ☒ | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |

| Emilio Belaval | Joel Sullivan | Ronald A. Shaw | Julio Enrico Rios | Wallace Falero | James M. Bradwell |
|---|---|---|---|---|---|
| AL 22654 | DEA - AS2020066 | AL - 6389 | ARN - 21678 | AL - 9406 | DEA - BB6422086 |
| DEA - BB6295248 | ARN - 10094 | DEA - AS5646613 | DEA - BR2471326 | DEA - AF1692119 | AL - 22267 |
| David G. Alexander | John Moorehouse | Jessie Austin | Tom Decaro | Henry Kuruaz III | |
| DO - 657 | DEA - AM6869119 | DEA - AA6394075 | DEA - A62628355 | DEA - AK2572316 | |
| AA3259226 | ARN - 7151 | ARN - 8595 | ARN - 11369 | AL - 22198 | |
| Victoria L. Beckman | Steven G. O'Mara | Brad Frieble | Thomas Arnold | Paul Tanaka | |
| DEA - BB62553885 | DEA - BO1786074 | DEA - BF2524583 | DEA - AA9549656 | ARN - 7153 | |
| AL - 22440 | DO - 713 | ARN - 15396 | ARN - 16275 | DEA - 8922-898 | |

Label all prescriptions                                    M.D./D.O.                                    M.D./D.O.
No refills            Product Selection Permitted                            Dispense as Written

BSB-0082 (06/02)

B0525900487
GUITERREZ,ISRAEL
DOB: 03/29/60       Age:45Y   MR #:588211
Admit Date/Time: 09/16/05    1505P
911 MOOREHOUSE,JOHN D



**Baptist Health**
# Emergency Room
# Discharge Instructions

Page 1 of 1

## DISCHARGE INSTRUCTIONS – MEDICAL CHART

| Weight | Phone | Allergies | | Location **South** |

| MEDICINES PRESCRIBED | If non, check this box: ☐ | VOID IF NOT PRINTED WITH CRANBERRY BACKGROUND |

| Name/Strength | | | Number | Schedule / Duration | No Refills | Refills |
|---|---|---|---|---|---|---|
| 1. Motrin | 800mg | 24 | 7 | 8h prn | ☒ | |
| 2. | | | | | ☐ | |
| 3. | | | | | ☐ | |
| 4. | | | | | ☐ | |
| 5. | | | | | ☐ | |

**INSTRUCTION SHEET(S) GIVEN**

☐ Asthma          ☐ Crutches          ☐ Head Injury       ☐ Threatened Ab        Return for signs of infection
☐ Back Pain       ☐ Fever             ☐ Otitis Media      ☐ Vomiting / Diarrhea      > Redness
☐ Cast / Splint Care ☐ Fracture       ☐ Sprains / Bruises ☐ Wound Care               > Swelling
                                       ☐ STD               ☐ Other(s)_____           > Drainage
                                                                                      > Heat

Additional Instructions:

_Elastic meds_

Referred to: Freeman (Ortho)
☒ Dr.
☒ Phone: 615-9000
☒ Call on next business day for follow-up appointment
in ___3___ days / weeks     ☐ next available

☒ Return to Emergency Dept. in _____ hours / days for recheck
☒ If no improvement or your condition worsens, call your private physician
   or return to the Emergency Department for a recheck.
☐ Learning needs assessed    ☐ Instructions Modified: _____
☐ Education provided on new medication _____

I understand that the treatment I have received was rendered on an emergency basis and is not meant to replace complete care from a primary care provider or clinic. Furthermore, I may have been released before all of my medical problems were apparent, diagnosed, and/or treated. If my condition worsens, I have been instructed to call my primary care provider or return to this facility or the nearest emergency center. I understand that I should NOT drive or perform hazardous tasks if my medication or treatment causes drowsiness. I have read and understand the above, received a copy of this form and applicable instruction sheets, and I will arrange for follow-up care. If diagnostic tests indicate a need for modification in therapy, you will be notified at the phone number you provided.

X _(signature)_
☒ Patient
☐ Relative
☐ Other_____

Time Released > 1 9 0 5 Hrs.

| Instructed By: _(signature)_ | Physician: _(signature)_ |

## WORK/ SCHOOL STATEMENT from the Emergency Department

| Patient Name | Date |

☐ Patient was seen by Dr.
☐ No athletics / physical education: _____ days*
☐ May return to work / school without restrictions
☐ Will require time off work / school. Estimated time: _____ days*
☐ Must be reevaluated by family / occupational physician before returning to school / work.

☐ May return to restricted duties for_____ days*
   Restrictions: _____
☐ ---------------------------- was here with relative/ child.
☐ Other: _____

Time off from School or Work longer than 3 days should be approved by a Personal or Company/ Occupational Medicine Physician, unless otherwise stated.

BSB-0082 (06/02)

RECEIVED _09/14/05_
_2005 0449_

*Medical*

## MONTGOMERY COUNTY DETENTION FACILITY
# GRIEVANCE OR APPEAL OF DECISION

Date: _9/13/2005_      Cellblock: _4B_

Name: _Israel Gutierrez_      Booking No. _85653_

Date/Time of Alleged Incident: _Wensday last week  9/7/05_

**THE FOLLOWING INFORMATION SHOULD BE INCLUDED:**

1. Description or Summary of the Complaint
2. Name of Individual(s) Involved
3. Signature of Inmate

I hurt my left hand, went to the nurse and was told they would take xrays Thursday 9/8/05. The xray Technician told me that I broke my knuckle. The nurse then told me they would kow thurs. night or friday evening if it was broken. On Saturday I went to see the nurse and was seen by the Phsyc. Nurse. she told me to keep my hand up so the swelling could go down, but if my hand started worse so colors to go right back to medical in front of the guard, that I would see the Dr. on Monday. Monday at lunch I asked the guard to call the nurse to see the Dr. and her response was "No, not until Friday". So my hand is swollen and I'm in pain and my hand is Black and Blue. If The Dr will see me friday why couldn't I see him last Friday?

_____
**Signature of Inmate**

**PLACE THIS FORM IN INMATE HANDMAIL BOX FOR PICK-UP**

Revised 06/11/04

# GRIEVANCE DECISION

GRIEVANCE NO. _____ 20050449 _____     CELLBLOCK: _____ 4B _____

INMATE NAME: _____ ISRAEL GUTIERREZ _____     BOOKING NO._____ 85653 _____


I have investigated your grievance dated 09/13/05.

You were scheduled to see the doctor on 09/15/05.

Signature of Grievance Clerks:_____ *signature* _____ Date:_____ 09/19/05 _____